UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB M. STEFFENAUER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-CV-1409-SRW |
| ) | |
| KELLY MORRISS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Jacob M. Steffenauer's response to the Court's October 29, 2024 order to show cause. ECF No. 5. Having carefully reviewed the response, the Court concludes his arguments are without merit, the instant action is time-barred under 28 U.S.C. § 2254, and the petition should be summarily dismissed.

**Background**

On September 22, 2014, Petitioner made an Alford Plea to second-degree assault/attempted assault, leaving the scene of a motor vehicle accident, and resisting arrest. *State of Missouri v. Steffenauer*, No. 11JE-CR01891-01 (23rd Jud. Cir. Ct., Jefferson County). On the same day, he was sentenced to serve a term of fifteen years imprisonment in the Missouri Department of Corrections for the second-degree assault/attempted assault charge and four years imprisonment for the remaining two charges, with all sentences to run concurrently.[1] Petitioner did not file a

---

[1] The Court reviewed petitioner's case on Case.net, Missouri's online case management system. The Court takes judicial notice of this public state record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

direct appeal. *See* ECF No. 1 at 2-3. On September 25, 2024. Petitioner submitted the instant petition under § 2254 for writ of habeas corpus by placing it in his institution's mailing system.

On October 29, 2024, the Court ordered Petitioner to show cause as to why his petition should not be dismissed as time-barred. ECF No. 4. Within the order, the Court explained why his petition appeared untimely. Petitioner was sentenced on September 22, 2014. He did not file a direct appeal. Therefore, his judgment became final ten days later on October 2, 2014 when his time for seeking appellate review expired. From that date, Petitioner had one year to timely file a § 2254 petition for writ of habeas corpus. That period ended on October 2, 2015. Petitioner did not file the instant action until September 25, 2024, approximately nine years after the one-year statute of limitations terminated. There was no indication from his petition that he filed any postconviction motions entitling him to any tolling of his one-year limitations period.

**Legal Standard**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner."

Pursuant to 28 U.S.C. § 2254(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

2

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); Mo. S.Ct. R. 30.03 (a conviction and sentence becomes final with the expiration of the ten-day period for filing a notice of appeal).

## Discussion

Petitioner filed a one-page response to the Court's show cause order. ECF No. 5. At the top of the filing, he cites to Case No. "22JE-CC00018" without any explanation. He then writes:

Motion: Compel the Courts Show of Cause

Claims:

"Policy Reserve" with plea agreements something stored or kept available for future use, "timely filing" etc.

"Reserve Power Entry: Political powers reserved by constitution[] to the Exclusive Jurisdiction of authority 10th Amendment

Excepti[o]n to the tim[e]ly filing rule.

ECF No. 5.

This Court has reviewed *Steffenauer v. State*, Case No. 22JE-CC00018 (23rd Jud. Cir. Ct., Jefferson County). Petitioner initiated that case by filing a Motion to Vacate, Set Aside or Correct Judgment and Sentence on January 11, 2022. According to Missouri's Case.net, the attempted post-conviction motion was dismissed on July 27, 2022. The Court's dismissal order is as follows in its' entirety:

> 1. Defendant pleaded guilty on September 22, 2014: Cause No. 11JE-CR01891-01.
>
> 2. Defendant did not file a proper appeal.
>
> 3. Defendant was delivered to the custody of the department of corrections on September 30, 2014.
>
> 4. Movant filed his motion on January 11, 2022.
>
> 5. Pursuant to Missouri Court Rule 24.035, "[i]If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections. . . . Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."
>
> 6. Movant's motion filed on January 11, 2022 exceeded the 180 days; and thus, is untimely resulting in a complete waiver of his right to proceed.
>
> 7. Movant's motion does not allege any grounds for untimely filing that fall within a recognized exception to the time limits.
>
> WHEREFORE, the State of Missouri requests that this Court dismiss Movant's motion.

Because Petitioner's post-conviction motion was filed outside of the permissible time, the relevant one-year period of limitation cannot be subject to tolling. Untimely filed post-conviction motions are not considered "properly filed" under 28 U.S.C. 2254(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Consequently, an untimely post-conviction motion does not toll the statute of limitations in this action.

As discussed above, and in the Court's show cause order, Petitioner had one year from October 2, 2014 to timely file a § 2254 petition for writ of habeas corpus. Petitioner did not file the instant action until September 25, 2024, approximately nine years after the one-year statute of limitations terminated. Within Petitioner's response, he does not dispute his petition is time-barred and does not provide a valid basis for any tolling. His arguments characterized as "Policy Reserve" and "Reserve Power Entry" are not concepts which permit his late filing. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, petitioner is not entitled to relief because this action is untimely.

### Certificate of Appealability

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

5

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED** and **DISMISSED** without prejudice as **untimely**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 12th day of November, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE