UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB M. STEFFENAUER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-CV-1409-SRW |
| ) | |
| KELLY MORRISS, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on a one-page letter submitted by Petitioner Jacob M. Steffenauer that has been construed as a motion for reconsideration. ECF No. 8. For the reasons discussed below, the motion will be denied.

**Background**

Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on September 25, 2024, by placing it in his institution's mailing system. The petition challenged his September 22, 2014 conviction in *State of Missouri v. Steffenauer*, No. 11JE-CR01891-01 (23rd Jud. Cir. Ct., Jefferson County). Because the petition appeared time-barred, the Court directed him to show cause as to why his petition should not be denied and dismissed. ECF No. 4.

Within the order to show cause, the Court explained why his petition appeared untimely. Petitioner was sentenced on September 22, 2014. He did not file a direct appeal. Therefore, his judgment became final ten days later on October 2, 2014 when his time for seeking appellate review expired. From that date, Petitioner had one year to timely file a § 2254 petition for writ of habeas corpus. That period ended on October 2, 2015. Petitioner did not file the instant action until September 25, 2024, approximately nine years after the one-year statute of limitations terminated.

There was no indication from his petition that he filed any postconviction motions entitling him to the tolling of his one-year limitations period.

## Motion for Reconsideration

On November 15, 2024, the Court received a one-page letter directed to the "District Court." ECF No. 8. Petitioner asserts that "180 days is not long enough for a poor person that has to go pro se to study law that takes 'years' of schooling to have the knowledge and ability to beat a case[.]" *Id.* Petitioner indicates he has "a mental illness ADHD," which takes him "longer to retain knowledge." *Id.* The Court construes this letter as a request to reconsider its dismissal of his habeas petition, which is approximately nine years past due.

## Discussion

The Court has denied and dismissed Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred. Petitioner has filed a motion for reconsideration, objecting to the Court's dismissal. Having reviewed the motion, the Court finds that it should be denied.

As discussed above, and in the Court's show cause order and dismissal order, Petitioner had one year from October 2, 2014 to timely file a § 2254 petition for writ of habeas corpus. Petitioner did not file the instant action until September 25, 2024, approximately nine years after the one-year statute of limitations terminated. Petitioner does not dispute his petition is time-barred and does not provide a valid basis for any tolling. His argument that his untimeliness should be excused because he is pro se and it takes him longer to retain information because of his ADHD fails. Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."

*Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Petitioner does not point to any manifest errors of law or fact, or any newly discovered evidence. The motion does not demonstrate that his attack on his 2014 conviction is timely, or that equitable tolling should be applied. Therefore, Petitioner's request for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that one-page letter submitted by Petitioner Jacob M. Steffenauer, which has been construed as a motion for reconsideration [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 2nd day of January, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE